UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN L.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 2:19-cv-00608

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of his applications for disability insurance, supplemental security income, and child's disability benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

I.    <u>ISSUES FOR REVEW</u>

1. Did the ALJ properly evaluate the medical opinion evidence?
2. Did the ALJ err in evaluating lay witness testimony?

II.    <u>BACKGROUND</u>

Plaintiff filed applications for disability insurance benefits/child's disability insurance benefits and supplemental security benefits on October 23, 2015 and

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 1

September 9, 2015, respectively, alleging, in all three applications, a disability onset date of April 28, 2011. AR 86, 183-91. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 86, 111-12, 113-15.

A hearing was held before Administrative Law Judge ("ALJ") Kimberly Boyce on January 9, 2018. AR 18-40. On February 22, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 83-96. On February 25, 2019, the Social Security Appeals Council issued an unfavorable decision, adopting all ALJ's Boyce's findings, but noting that the ALJ failed to address Plaintiff's application for child's disability insurance benefits in her decision. AR 4-12. The Appeals Council found that Plaintiff did not qualify for child's disability insurance benefits because there were a significant number of jobs he could perform at step five of the sequential evaluation. AR 8-9.

On May 1, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### IV.  DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of unspecified neurocognitive disorder; unspecified communication

disorder; learning disorder; depressive disorder; and adjustment disorder with anxiety. AR 88.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform work at all exertional levels with a range of work-related mental limitations. AR 91. Relying on vocational expert ("VE") testimony, the ALJ found that there were a significant number of unskilled jobs Plaintiff could perform at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 35-37, 94-96.

A. <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

Plaintiff maintains that the ALJ erred in evaluating the opinion of examining psychologist Allen Fitz, Ph.D. Dkt. 10, pp. 4-8.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Fitz, the only examining source who offered an opinion concerning Plaintiff's mental limitations, examined Plaintiff on July 21, 2015. AR 353-57. Dr. Fitz's evaluation consisted of a clinical interview, a mental status examination, and psychological testing.

1  Based on this evaluation, Dr. Fitz opined that Plaintiff had "some" cognitive difficulties
2  that would make it difficult for him to function in demanding work and school activities
3  without accommodations. AR 357. Dr. Fitz observed that Plaintiff appeared to have
4  good verbal skills, but had considerable difficulties with his memory, and would benefit
5  from compensation strategies such as writing information down to help with recall,
6  having additional time to complete tasks, and trying to focus on one activity at a time. *Id.*
7       Dr. Fitz further observed that Plaintiff appeared to have some difficulty with social
8  interaction, and would likely have difficulty in work environments where he had to
9  interact significantly with others. *Id.* Dr. Fitz added that Plaintiff appeared to be
10 "methodical", might have difficulty in work or school situations that require considerable
11 flexibility, and would do best in more structured and routine environments. *Id.*
12      Dr. Fitz stated that Plaintiff seemed motivated to complete his education but
13 tended to minimize his cognitive limitations. *Id.* Dr. Fitz opined that Plaintiff would likely
14 do best in environments that involve more "hands on" learning due to some difficulties
15 with memory and academic performance. *Id.*
16      And Dr. Fitz opined Plaintiff would benefit from further education about
17 reasonable career goals and use of a job coach to help him be successful in work
18 environments. *Id.* Dr. Fitz stated that Plaintiff might have some difficulty working in his
19 chosen field, construction, given his difficulties with social interaction and multi-tasking.
20 *Id.* Further, Dr. Fitz opined that Plaintiff might have more success in jobs involving
21 computer software or information technology, given his reported strengths and interests
22 in these areas. *Id.* Finally, Dr. Fitz opined that in a work environment, Plaintiff would
23 likely be sensitive to criticism due to past trauma and a poor reaction to stressors. *Id.*
24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

1   The ALJ assigned "appropriate weight" to Dr. Fitz's opinion, stating that he was
2   incorporating the cognitive and social limitations assessed by Dr. Fitz by restricting
3   Plaintiff to performing unskilled, routine and repetitive work with occasional work setting
4   changes and occasional interactions with others. AR 93. The ALJ reasoned that despite
5   these limitations, Dr. Fitz did not opine that Plaintiff was functionally precluded from
6   working. *Id.*

7   Plaintiff contends that the ALJ erred by not considering Dr. Fitz's statement that
8   Plaintiff "would benefit" from compensation strategies such as writing information down
9   to help with recall, having additional time to complete tasks, and trying to focus on one
10  activity at a time. Dkt. 10, pp. 6-8; AR 357.

11  Plaintiff contends that Dr. Fitz's statement that Plaintiff would benefit from these
12  compensation strategies indicates that Plaintiff might require special accommodations in
13  a work setting, which might preclude Plaintiff from engaging in substantial gainful
14  activity. Dkt. 10, pp. 7-8, citing 20 C.F.R. §§ 404.1573(c), 416.973(c) (work done under
15  "special conditions" that accommodate a claimant's impairments, such as work done in
16  a sheltered workshop or as a patient in a hospital, may indicate that a claimant cannot
17  engage in substantial gainful activity).

18  Dr. Fitz's statement that Plaintiff "would benefit" from compensation strategies is
19  framed as a recommendation rather than an imperative. AR 357, item 1. The ALJ does
20  not need to accommodate a physician's non-imperative recommendations when
21  formulating the residual functional capacity ("RFC"). *See Carmickle v. Comm'r, Soc.*
22  *Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err in rejecting a
23  physician's proposal when it is framed as a recommendation rather than an imperative);

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

*Valentine v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by excluding recommendations from the residual functional capacity finding).

Here, the ALJ included in the RFC significant cognitive and social limitations consistent with Dr. Fitz's opinion. AR 91. However, Dr. Fitz's recommendation that Plaintiff would benefit from compensation strategies does not mean that Plaintiff could only perform work in a sheltered work environment, a conclusion supported by Dr. Fitz's statement that Plaintiff may do well in jobs dealing with computer software and information technology. AR 357. The ALJ's conclusion that Dr. Fitz's opinion does not foreclose the possibility of Plaintiff engaging in substantial gainful activity is supported by substantial evidence, and the ALJ did not err in evaluating this opinion.

B. <u>Whether the ALJ erred in evaluating lay witness statements</u>

Plaintiff contends that the ALJ erred by discounting lay witness statements from vocational counselor Catherine Herring. Dkt. 10, pp. 8-9.

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

During an intake appointment in July 2015, Ms. Herring observed that it initially took Plaintiff a while to process information and give a verbal response, but that Plaintiff became more comfortable throughout the meeting and was able to clearly communicate. AR 386.

In August 2015, Ms. Herring observed that Plaintiff tends to have a "somewhat unrealistic views of his limitations" and might have difficulty pursuing a career as a construction contractor given his statement that he does not want to work with people and has difficulty communicating and relating to others. AR 385. In a case narrative, Ms. Herring stated that Plaintiff was eligible for vocational assistance based on Dr. Fitz's diagnoses and the limitations he observed during psychological testing. AR 388-89.

The ALJ assigned "little weight" to Ms. Herring's observations, reasoning that: (1) Plaintiff was able to obtain an associate's degree, and even though Plaintiff received accommodations while in school, this does not mean he would be unable to work; and (2) Plaintiff has useful vocational skills. AR 93.

With respect to the ALJ's first reason, an ALJ may consider the inconsistency between lay witness testimony and Plaintiff's activities of daily living, and a finding that a claimant was able to successfully complete continuous full-time coursework may serve as a germane reason for discounting such testimony. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2007).

Even if the ALJ did not provide germane reasons for discounting Ms. Herring's observations, any error would be harmless, given that Ms. Herring's observations were consistent with, and partly based on, Dr. Fitz's opinion; for the reasons discussed above, the ALJ adequately accounted for the limitations assessed by Dr. Fitz when assessing Plaintiff's RFC. *See supra* Section IV.A; *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined that Plaintiff was not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 15th day of June, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 8